UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHELE CALLAGHAN,

                                    **Case No.  08-CV-3523**

                              Plaintiffs,

        -against-                   **AFFIRMATION IN
                                    SUPPORT OF MOTION FOR
                                    DEFAULT JUDGMENT**

BRAD J. JACOBS, M.D.,

                              Defendant.
------------------------------------------------------------X

   **MICHAEL A. LONDON,** an attorney duly admitted to practice before the Courts

of this State affirms the following to be true under the penalties of perjury:

        1.      I a member of the Bar of this Court and I am a member of the law firm of

Douglas & London, P.C., attorneys for Plaintiff in the above-entitled action.  As such I

am fully familiar with all the facts and circumstances in this action.

        2.      I respectfully submit this Affirmation in support of Plaintiff's within

motion for an Order directing entry of judgment in favor of the plaintiffs and against the

defendant BRAD J. JACOBS, M.D. for the relief demanded in the complaint, upon the

ground that the defendant has failed to answer or move with respect to the complaint;

and, for such other and further relief as may be just, proper and equitable under the

circumstances.

        3.      On or about April 11, 2008 a summons and complaint was filed on behalf

of Plaintiff against Defendant in the U.S. District Court for the Southern District of New

York.  (Annexed hereto as "**Exhibit A**" is a copy of Plaintiff's summons and compliant.)

The claims of Plaintiff are grounded in negligence and medical malpractice.

        4.      The above-entitled action was officially commenced by personal service of

the summons and complaint upon Defendant on the 25th day of June, 2007.[1] (Annexed hereto as "**Exhibit B**" is a copy of the Affidavit of Service.) Accordingly, Defendant had until 20 days from the date of service, or July 15, 2008, to answer or move as to Plaintiff's complaint. Defendant failed to do so.

5.    On July 16, 2008 counsel for Plaintiff sent a letter to Defendant informing him that he was in default.[2] (Annexed hereto as "**Exhibit C**" is a copy of said letter dated July 16, 2008.) Attached to this letter was a copy of the summons and complaint. Defendant was directed to interpose an answer as soon as possible within the next ten days or else judicial intervention would be sought. (See Exhibit C.) In addition, this letter informed the Defendant that a preliminary conference had been scheduled before the Court on July 24, 2008 at 10:00 a.m. (See Exhibit C.) Defendant did not respond to this letter nor did he serve Plaintiff with an answer or other motion papers.

6.    On July 24, the preliminary conference was held before the Court at which Defendant failed to appear. Pursuant to her discussion with the Court, Plaintiff's counsel sent Defendant a second letter informing him that he was in default. (Annexed hereto as "**Exhibit D**" is a copy of plaintiff's letter dated July 26, 2008.) Defendant was given until August 15, 2008 to file his answer and/or move in any respect. (See Exhibit D.) As of August 15, 2008, Defendant had not filed an answer or any other motion papers. Defendant is now clearly in default.

7.    On August 19, 2008 Plaintiff applied for a Certificate of Default from the Clerk of Court of the United States District Court for the Southern District of New York.

---

[1] The process server had much difficulty in serving the defendant. The defendant lives in a gated community and he refused to answer his phone when the guard at the desk called him. The guard acknowledged that he lived there and he also noted it was odd behavior for defendant to not respond to the call. Fortunately, the process server was finally able to personally serve the defendant.

[2] The letter was served on defendant via DHL, Certified Mail and regular mail at two different addresses. The first address was the last know address of the defendant, which he personally provided our office in another matter. The security guard at his gated community informed the process server that he did reside at that address. The second address was an address the process server had discovered while attempting to serve defendant with process.

(Annexed hereto as "**Exhibit E**" is Plaintiff's Application to the Clerk of Court.) Said Certificate was granted by the Court on August 19, 2008. (Annexed hereto as "**Exhibit F**" is the Clerk's Certificate of Default with the Clerk's seal.)

8.    Plaintiff now moves this Court for an Order pursuant to Rule 55(b) of the Federal Rules of Civil Procedure directing entry of a judgment in favor of the Plaintiff and against the Defendant on the grounds that Defendant has failed to answer and/or move with respect to the complaint.  Plaintiff has attached a proposed form of default judgment as required by Rule 55.2 of the Civil Rules for the Southern District of New York.  (Annexed hereto as "**Exhibit G**" is a Plaintiff's Proposed Form of Default Judgment.)

**WHEREFORE**, it is respectfully requested that the Court grant a default against Defendant, BRAD J. JACOBS, M.D., on the grounds that he has failed to appear and/or interpose an answer in this matter.

Respectfully submitted,

Michael A. London (ML-7510)
**DOUGLAS & LONDON**
Attorneys for Plaintiff
111 John Street, 14th Floor
New York, New York  10038
(212) 566 7500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHELE CALLAGHAN,

                         Plaintiffs,

    -against-

BRAD J. JACOBS, M.D.,

                        Defendant.
-------------------------------------------------------------X

**Case No. 08-CV-3523**

**Certificate of Service**

    I hereby certify that I caused to be served a true and correct copy of the Plaintiff's Notice of Motion for Default Judgment and the Annexed Affidavit of Michael A. London, sworn to the 19th day of August, 2008, and annexed Exhibits in Support of Motion for Default Judgment, on August 19, 2008, via Regular Mail and Certified Mail, Return Receipt Requested, upon the defendant at the address below:

TO:    Brad J. Jacobs
         134 Foxwood Drive
         Jericho, New York 11753

                                **MICHAEL A. LONDON (ML-7510)**

# EXHIBIT
# A

08 CV 3523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MICHELE CALLAGHAN,

Case No.

                        Plaintiffs,

**COMPLAINT AND
JURY DEMAND**

   -against-

BRAD J. JACOBS, M.D.,

APR 1 1 2008

U.S.D.C. S.D. N.Y.
CASHIERS

                   Defendant.
----------------------------------------------------------------X

       Plaintiff, MICHELE CALLAGHAN, complaining of the Defendant, by her

attorneys, **DOUGLAS & LONDON, P.C.**, upon information and belief, at all times

hereinafter mentioned, allege as follows:

## JURISDICTION

    1.    This Court has jurisdiction pursuant to 28 United States Code Section

1332, in that Plaintiff is a citizen of a State which is different from the State where

Defendant is resides.  The amount in controversy exceeds SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00) as to each Plaintiff.

## PARTY PLAINTIFF

    2.    Plaintiff, MICHELE CALLAGHAN was born on September 2, 1965, and is

at all times relevant herein a resident of the State of Massachusetts.

## PARTY DEFENDANT

    3.    At all times herein mentioned, Defendant BRAD J. JACOBS, M.D. is a

resident of the State of New York.

    4.    At all times herein mentioned, Defendant BRAD J. JACOBS, M.D. was a

physician duly licensed to practice medicine in the State of New York with his principal

offices for the practice of medicine located in the County of New York, State of New York.

5.     Upon information and belief, and at all times hereinafter mentioned, the Defendant, BRAD J. JACOBS, M.D., specialized in the field of Plastic and Reconstructive Surgery.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MICHELE CALLAGHAN
## (MEDICAL MALPRACTICE)

6.     Plaintiff, MICHELE CALLAGHAN, repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint, with the same force and effect as if hereinafter set forth more fully at length.

7.     At all times herein mentioned, Defendant BRAD J. JACOBS, M.D. held himself out to the general public to be a physician competent to provide cosmetic surgical care and treatment to patients seeking breast augmentation surgery.

8.     Upon information and belief, from on or about August of 2005 through on or about July of 2007 inclusive, BRAD J. JACOBS, M.D. was in a physician-patient relation with the Plaintiff MICHELE CALLAGHAN.

9.     Upon information and belief, from on or about August of 2005 through on or about July of 2007 inclusive, BRAD J. JACOBS, rendered medical care and/or treatment to the Plaintiff MICHELE CALLAGHAN.

10.     Upon information and belief, from on or about August of 2005 through on or about July of 2007, inclusive, Defendant BRAD J. JACOBS, M.D. owed a professional duty of care to Plaintiff MICHELE CALLAGHAN as a provider of medical services.

11.     Upon information and belief, from on or about August of 2005 through on or about July of 2007, inclusive Defendant BRAD J. JACOBS, M.D. breached his professional duty to Plaintiff MICHELE CALLAGHAN and was careless, negligent, and reckless in the treatment, management, consultation, diagnosis, and care of her, and in the medical services, including surgical care and treatment, he rendered to her and on her behalf.

12.     The negligence, carelessness, and recklessness of the Defendant constituted deviations and departures from good and accepted standards of care and practice.

13.     As a result of the negligence, recklessness, carelessness, and departures by Defendant, Plaintiff MICHELE CALLAGHAN sustained serious and permanent physical and emotional injuries, which are permanent; she has suffered severe injuries to her breasts and elsewhere, and their consequences and sequelae; she has suffered and will suffer from the effects of Defendant's deviations and departures from good and accepted standards of care and practice; she has been unable to pursue her usual activities, has been confined to home for some time, has been compelled to submit to hospital, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate her injuries, has lost and will lose sums of money in lost wages and earnings, and has been compelled to suffer physical pain, mental anguish, disability, deformity and emotional distress.

14.     As a result of the foregoing, Plaintiff MICHELE CALLAGHAN sustained serious, severe, and permanent injuries.

3

15.    By reason of the foregoing, the Plaintiff MICHELE CALLAGHAN is entitled to recover all of her damages from the Defendant, the amount of which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MICHELE CALLAGHAN
## (LACK OF INFORMED CONSENT)

16.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the First Cause of Action with the same force and effect as if more fully set forth at length herein.

17.    Defendant failed to obtain the informed consent to one or more surgical procedures Plaintiff MICHELE CALLAGHAN underwent at his hands.

18.    A reasonable person in the position of Plaintiff MICHELE CALLAGHAN would not have undergone said procedure had she been properly informed of the attendant risks.

19.    As a result of the foregoing, Plaintiff MICHELE CALLAGHAN suffered injuries and damages as specified herein.

20.    By reason of the foregoing, the Plaintiff MICHELE CALLAGHAN is entitled to recover all of her damages from the Defendant, the amount of which exceeds the jurisdictional limits of all lower Courts.

4

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, MICHELE CALLAGHAN, demands judgment

against the Defendant on each of the above-referenced claims and Causes of Action and

as follows:

1.     Awarding compensatory damages to Plaintiff for past and future damages,

including but not limited to pain and suffering for severe and permanent personal

injuries sustained by the Plaintiff, together with interest and costs as provided by law;

2.     Punitive and/or exemplary damages for the wanton, willful, fraudulent,

reckless acts of the Defendant who demonstrated a complete disregard and reckless

indifference for the safety and welfare of the Plaintiff in an amount sufficient to punish

Defendant and deter future similar conduct;

3.     Awarding Plaintiff reasonable attorneys fees;

4.     Awarding Plaintiff the costs of these proceedings; and

5.     Such other and further relief as this Court deems just and proper.


Dated:     New York, New York
           April 10, 2007

                          DOUGLAS & LONDON, P.C.

                          BY: _____
                              MICHAEL A. LONDON (ML-7510)
                              Attorney for Plaintiffs
                              111 John Street, Ste 1400
                              New York, New York 10038
                              (212) 566-7500

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand trial by jury as to all issues.

DOUGLAS & LONDON, P.C.

BY: _____
MICHAEL A. LONDON (ML-7510)
Attorney for Plaintiffs
111 John Street, Ste 1400
New York, New York 10038
(212) 566-7500

# EXHIBIT B

*Callaghan*

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me⁽¹⁾ | DATE 6/25/08 |
|---|---|
| NAME OF SERVER *(PRINT)* Robert Pettitt | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served:  134 Foxwood Drive, Jericho, NY 11753

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  6/30/08
            Date

_Signature of Server_

199-10 32nd Avenue
Flushing, NY 11358

_Address of Server_

ANNEI LI
Notary Public, State of New York
No. 01LI6161335
Qualified in Queens County
Commission Expires 02/26/20 11

⁽¹⁾ As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT C

### DOUGLAS & LONDON, P.C.

**Attorneys At Law**
111 John Street
Suite 1400
New York, NY 10038
(212) 566-7500
FAX: (212) 566-7501
www.DouglasAndLondon.com

Gary J. Douglas
Michael A. London*

Stephanie O'Connor, J.D., R.N.*
Virginia E. Anello^
Mark T. Sadaka, J.D., MSPH
Nicholas E. Warywoda
   * Also admitted in NJ
   ^ Also admitted in LA

July 16, 2008

**VIA DHL, CERTIFIED MAIL, RETURN
RECEIPT REQUESTED, AND REGULAR MAIL**
Brad J. Jacobs, M.D.
134 Foxwood Drive
Jericho, NY 11753

      Re:    **Michele Callaghan v. Brad J. Jacobs, M.D.**
            **Index No.: 08-CV-3523**

Dear Dr. Jacobs:

      Our file indicates that on June 25, 2008, a Summons and Complaint was personally served upon you pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Enclosed is a copy of the Summons and Complaint, along with the Affidavit verifying service.  To date, we have not received an appearance or answer from you, or any attorney on your behalf.  This means that you are now in default.

      Please interpose an answer as soon as possible.  If we do not hear from you within ten (10) days, we may have no choice but to seek further judicial intervention.

      In addition, please be advised that the Court has scheduled a preliminary conference hearing to be held before Judge Sydney H. Stein on July 24, 2008 at 10 a.m.

      Should you have any questions please contact me.

                  Very truly yours,

                  DOUGLAS & LONDON, P.C.

                  Virginia Anello

Enclosure

08 CV 3523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MICHELE CALLAGHAN,

                              Plaintiffs,

    -against-

BRAD J. JACOBS, M.D.,

                              Defendant.
-------------------------------------------------------------X

Case No.

**COMPLAINT AND
JURY DEMAND**

APR 1 1 2008

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, MICHELE CALLAGHAN, complaining of the Defendant, by her attorneys, **DOUGLAS & LONDON, P.C.**, upon information and belief, at all times hereinafter mentioned, allege as follows:

## JURISDICTION

1.    This Court has jurisdiction pursuant to 28 United States Code Section 1332, in that Plaintiff is a citizen of a State which is different from the State where Defendant is resides.  The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) as to each Plaintiff.

## PARTY PLAINTIFF

2.    Plaintiff, MICHELE CALLAGHAN was born on September 2, 1965, and is at all times relevant herein a resident of the State of Massachusetts.

## PARTY DEFENDANT

3.    At all times herein mentioned, Defendant BRAD J. JACOBS, M.D. is a resident of the State of New York.

4.    At all times herein mentioned, Defendant BRAD J. JACOBS, M.D. was a physician duly licensed to practice medicine in the State of New York with his principal

offices for the practice of medicine located in the County of New York, State of New York.

5.    Upon information and belief, and at all times hereinafter mentioned, the Defendant, BRAD J. JACOBS, M.D., specialized in the field of Plastic and Reconstructive Surgery.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF MICHELE CALLAGHAN (MEDICAL MALPRACTICE)

6.    Plaintiff, MICHELE CALLAGHAN, repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint, with the same force and effect as if hereinafter set forth more fully at length.

7.    At all times herein mentioned, Defendant BRAD J. JACOBS, M.D. held himself out to the general public to be a physician competent to provide cosmetic surgical care and treatment to patients seeking breast augmentation surgery.

8.    Upon information and belief, from on or about August of 2005 through on or about July of 2007 inclusive, BRAD J. JACOBS, M.D. was in a physician-patient relation with the Plaintiff MICHELE CALLAGHAN.

9.    Upon information and belief, from on or about August of 2005 through on or about July of 2007 inclusive, BRAD J. JACOBS, rendered medical care and/or treatment to the Plaintiff MICHELE CALLAGHAN.

10.    Upon information and belief, from on or about August of 2005 through on or about July of 2007, inclusive, Defendant BRAD J. JACOBS, M.D. owed a professional duty of care to Plaintiff MICHELE CALLAGHAN as a provider of medical services.

11.    Upon information and belief, from on or about August of 2005 through on or about July of 2007, inclusive Defendant BRAD J. JACOBS, M.D. breached his professional duty to Plaintiff MICHELE CALLAGHAN and was careless, negligent, and reckless in the treatment, management, consultation, diagnosis, and care of her, and in the medical services, including surgical care and treatment, he rendered to her and on her behalf.

12.    The negligence, carelessness, and recklessness of the Defendant constituted deviations and departures from good and accepted standards of care and practice.

13.    As a result of the negligence, recklessness, carelessness, and departures by Defendant, Plaintiff MICHELE CALLAGHAN sustained serious and permanent physical and emotional injuries, which are permanent; she has suffered severe injuries to her breasts and elsewhere, and their consequences and sequelae; she has suffered and will suffer from the effects of Defendant's deviations and departures from good and accepted standards of care and practice; she has been unable to pursue her usual activities, has been confined to home for some time, has been compelled to submit to hospital, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate her injuries, has lost and will lose sums of money in lost wages and earnings, and has been compelled to suffer physical pain, mental anguish, disability, deformity and emotional distress.

14.    As a result of the foregoing, Plaintiff MICHELE CALLAGHAN sustained serious, severe, and permanent injuries.

3

15.    By reason of the foregoing, the Plaintiff MICHELE CALLAGHAN is entitled to recover all of her damages from the Defendant, the amount of which exceeds the jurisdictional limits of all lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF MICHELE CALLAGHAN (LACK OF INFORMED CONSENT)

16.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the First Cause of Action with the same force and effect as if more fully set forth at length herein.

17.    Defendant failed to obtain the informed consent to one or more surgical procedures Plaintiff MICHELE CALLAGHAN underwent at his hands.

18.    A reasonable person in the position of Plaintiff MICHELE CALLAGHAN would not have undergone said procedure had she been properly informed of the attendant risks.

19.    As a result of the foregoing, Plaintiff MICHELE CALLAGHAN suffered injuries and damages as specified herein.

20.    By reason of the foregoing, the Plaintiff MICHELE CALLAGHAN is entitled to recover all of her damages from the Defendant, the amount of which exceeds the jurisdictional limits of all lower Courts.

4

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, MICHELE CALLAGHAN, demands judgment against the Defendant on each of the above-referenced claims and Causes of Action and as follows:

1.  Awarding compensatory damages to Plaintiff for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiff, together with interest and costs as provided by law;

2.  Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendant who demonstrated a complete disregard and reckless indifference for the safety and welfare of the Plaintiff in an amount sufficient to punish Defendant and deter future similar conduct;

3.  Awarding Plaintiff reasonable attorneys fees;

4.  Awarding Plaintiff the costs of these proceedings; and

5.  Such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            April 10, 2007

                        DOUGLAS & LONDON, P.C.

                    BY: _____
                        MICHAEL A. LONDON (ML-7510)
                        Attorney for Plaintiffs
                        111 John Street, Ste 1400
                        New York, New York 10038
                        (212) 566-7500

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues.

DOUGLAS & LONDON, P.C.

BY: _____
MICHAEL A. LONDON (ML-7510)
Attorney for Plaintiffs
111 John Street, Ste 1400
New York, New York 10038
(212) 566-7500

6

*Callaghan*

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 6/25/08 |
|---|---|
| NAME OF SERVER *(PRINT)* Robert Pettitt | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served:  134 Foxwood Drive, Jericho, NY 11753

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  6/30/08
                Date

Signature of Server

199-10 32nd Avenue
Flushing, NY 11358

Address of Server

ANNEI LI
Notary Public, State of New York
No. 01LI6161335
Qualified in Queens County
Commission Expires 02/26/20⎵⎵

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT D

### DOUGLAS & LONDON, P.C.
Attorneys At Law
111 John Street
Suite 1400
New York, NY 10038
(212) 566-7500
FAX: (212) 566-7501
**www.DouglasAndLondon.com**

Gary J. Douglas
Michael A. London*

Stephanie O'Connor, J.D., R.N.*
Virginia E. Anello^
Mark T. Sadaka, J.D., MSPH
Nicholas E. Warywoda
Randolph D. Janis
     * Also admitted in NJ
     ^ Also admitted in LA

July 25, 2008

**<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>**
**<u>AND VIA REGULAR MAIL</u>**
Brad Jacobs, M.D.
134 Foxwood Drive
Jericho, NY 11753

    Re:    <u>**Michele Callaghan v. Brad J. Jacobs, M.D.**</u>
             **Index No.: 08-CV-3523**

Dear Dr. Jacobs:

     Please be advised that on July 24, 2008 a preliminary conference was held before the Court at which you failed to appear.

     Pursuant to the Court's direction at this conference, I am sending you a second letter informing you that you are in because you have failed to appear or interpose an answer in this matter. Enclosed with this letter please find a copy of the Summons and Complaint that was filed on June 25, 2008 along with the Affidavit verifying service.

     If we do not hear from you by August 14, 2008, we will have no choice but to begin default proceedings against you

               Very truly yours,

               Michael A. London

Enclosures

## 08 CV 3523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHELE CALLAGHAN,

                                        Case No.

                              Plaintiffs,     **COMPLAINT AND
                                              JURY DEMAND**

     -against-

                                              APR 11 2008
BRAD J. JACOBS, M.D.,                         U.S.D.C. S.D. N.Y.
                                              CASHIERS
                              Defendant.
-----------------------------------------------------------------X

    Plaintiff, MICHELE CALLAGHAN, complaining of the Defendant, by her attorneys, **DOUGLAS & LONDON, P.C.**, upon information and belief, at all times hereinafter mentioned, allege as follows:

### JURISDICTION

    1.    This Court has jurisdiction pursuant to 28 United States Code Section 1332, in that Plaintiff is a citizen of a State which is different from the State where Defendant is resides.  The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) as to each Plaintiff.

### PARTY PLAINTIFF

    2.    Plaintiff, MICHELE CALLAGHAN was born on September 2, 1965, and is at all times relevant herein a resident of the State of Massachusetts.

### PARTY DEFENDANT

    3.    At all times herein mentioned, Defendant BRAD J. JACOBS, M.D. is a resident of the State of New York.

    4.    At all times herein mentioned, Defendant BRAD J. JACOBS, M.D. was a physician duly licensed to practice medicine in the State of New York with his principal

offices for the practice of medicine located in the County of New York, State of New York.

5.     Upon information and belief, and at all times hereinafter mentioned, the Defendant, BRAD J. JACOBS, M.D., specialized in the field of Plastic and Reconstructive Surgery.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MICHELE CALLAGHAN
### (MEDICAL MALPRACTICE)

6.     Plaintiff, MICHELE CALLAGHAN, repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint, with the same force and effect as if hereinafter set forth more fully at length.

7.     At all times herein mentioned, Defendant BRAD J. JACOBS, M.D. held himself out to the general public to be a physician competent to provide cosmetic surgical care and treatment to patients seeking breast augmentation surgery.

8.     Upon information and belief, from on or about August of 2005 through on or about July of 2007 inclusive, BRAD J. JACOBS, M.D. was in a physician-patient relation with the Plaintiff MICHELE CALLAGHAN.

9.     Upon information and belief, from on or about August of 2005 through on or about July of 2007 inclusive, BRAD J. JACOBS, rendered medical care and/or treatment to the Plaintiff MICHELE CALLAGHAN.

10.     Upon information and belief, from on or about August of 2005 through on or about July of 2007, inclusive, Defendant BRAD J. JACOBS, M.D. owed a professional duty of care to Plaintiff MICHELE CALLAGHAN as a provider of medical services.

2

11.     Upon information and belief, from on or about August of 2005 through on or about July of 2007, inclusive Defendant BRAD J. JACOBS, M.D. breached his professional duty to Plaintiff MICHELE CALLAGHAN and was careless, negligent, and reckless in the treatment, management, consultation, diagnosis, and care of her, and in the medical services, including surgical care and treatment, he rendered to her and on her behalf.

12.     The negligence, carelessness, and recklessness of the Defendant constituted deviations and departures from good and accepted standards of care and practice.

13.     As a result of the negligence, recklessness, carelessness, and departures by Defendant, Plaintiff MICHELE CALLAGHAN sustained serious and permanent physical and emotional injuries, which are permanent; she has suffered severe injuries to her breasts and elsewhere, and their consequences and sequelae; she has suffered and will suffer from the effects of Defendant's deviations and departures from good and accepted standards of care and practice; she has been unable to pursue her usual activities, has been confined to home for some time, has been compelled to submit to hospital, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate her injuries, has lost and will lose sums of money in lost wages and earnings, and has been compelled to suffer physical pain, mental anguish, disability, deformity and emotional distress.

14.     As a result of the foregoing, Plaintiff MICHELE CALLAGHAN sustained serious, severe, and permanent injuries.

3

15.    By reason of the foregoing, the Plaintiff MICHELE CALLAGHAN is entitled to recover all of her damages from the Defendant, the amount of which exceeds the jurisdictional limits of all lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MICHELE CALLAGHAN
### (LACK OF INFORMED CONSENT)

16.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the First Cause of Action with the same force and effect as if more fully set forth at length herein.

17.    Defendant failed to obtain the informed consent to one or more surgical procedures Plaintiff MICHELE CALLAGHAN underwent at his hands.

18.    A reasonable person in the position of Plaintiff MICHELE CALLAGHAN would not have undergone said procedure had she been properly informed of the attendant risks.

19.    As a result of the foregoing, Plaintiff MICHELE CALLAGHAN suffered injuries and damages as specified herein.

20.    By reason of the foregoing, the Plaintiff MICHELE CALLAGHAN is entitled to recover all of her damages from the Defendant, the amount of which exceeds the jurisdictional limits of all lower Courts.

4

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, MICHELE CALLAGHAN, demands judgment against the Defendant on each of the above-referenced claims and Causes of Action and as follows:

1. Awarding compensatory damages to Plaintiff for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiff, together with interest and costs as provided by law;

2. Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendant who demonstrated a complete disregard and reckless indifference for the safety and welfare of the Plaintiff in an amount sufficient to punish Defendant and deter future similar conduct;

3. Awarding Plaintiff reasonable attorneys fees;

4. Awarding Plaintiff the costs of these proceedings; and

5. Such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            April 10, 2007

                              DOUGLAS & LONDON, P.C.

                              BY: _____
                                  MICHAEL A. LONDON (ML-7510)
                                  Attorney for Plaintiffs
                                  111 John Street, Ste 1400
                                  New York, New York 10038
                                  (212) 566-7500

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury as to all issues.

**DOUGLAS & LONDON, P.C.**

BY: _____
       MICHAEL A. LONDON (ML-7510)
       Attorney for Plaintiffs
       111 John Street, Ste 1400
       New York, New York 10038
       (212) 566-7500

*Callaghan*)

✎AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 6/25/08 |
|---|---|
| NAME OF SERVER *(PRINT)* Robert Pettitt | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant.  Place where served:  ___134 Foxwood Drive, Jericho, NY 11753___

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

   _____

   _____

☐ Other (specify): _____

   _____

   _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  __6/30/08__         _____
                    Date                    *Signature of Server*

199-10 32nd Avenue
Flushing, NY 11358

ANNEI LI
Notary Public, State of New York
No. 01LI6161335
Qualified in Queens County
Commission Expires 02/26/20__11__

*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MICHELE CALLAGHAN,

                                Plaintiffs,

       -against-

BRAD J. JACOBS, M.D.,

                                Defendant.

----------------------------------------------------------------X

**Case No. 08-CV-3523**

**APPLICATION FOR CERTIFICATE OF DEFAULT**

      Upon reading and filing the annexed affidavit of **MICHAEL A. LONDON**, duly affirmed the 19th day of August, and upon the Summons and Complaint heretofore served herein, with proof of service thereof, Plaintiff hereby applies to the Clerk of Court of the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York for a Certificate of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Rule 55.1 of the Civil Rules for the Southern District of New York.

Dated: New York, New York
         August 19, 2008

                          **DOUGLAS & LONDON, P.C.**

                          Michael A. London (ML-7510)
                          Attorneys for Plaintiff
                          111 John Street, Suite 1400
                          New York, New York 10038
                          (212) 566-7500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHELE CALLAGHAN,

                           Plaintiffs,

    -against-

BRAD J. JACOBS, M.D.,

                          Defendant.

-------------------------------------------------------------X

**Case No.  08-CV-3523**

**AFFIDAVIT FOR**
**JUDGMENT BY DEFAULT**

STATE OF NEW YORK   )
                     ) ss.:
COUNTY OF NEW YORK  )

    MICHAEL A. LONDON, being duly sworn, deposes and says:

    1.    I a member of the Bar of this Court and I am a member of the law firm of Douglas & London, P.C., attorneys for Plaintiff in the above-entitled action.  As such I am fully familiar with all the facts and circumstances in this action.

    2.    I make this affidavit pursuant to Rule 55.1 of the Civil Rules for the Southern District of New York, in support of Plaintiff's application for a Certificate of Default against the Defendant by the Clerk.

    3.    This is a personal injury/medical malpractice action to recover damages arising out of the Defendant's negligent medical treatment and care of the Plaintiff.

    4.    The Defendant is not an infant or minor; the Defendant is not in the U.S. military; and the Defendant is not an incompetent person.

    5.    Jurisdiction of the subject matter of this action is based on diversity of citizenship jurisdiction.

    6.    This action was commenced on April 11, 2008 by the filing of the summons and complaint. A copy of the summons and complaint was served on the Defendant, Brad

J. Jacobs, M.D. on June 25, 2008 by personal delivery and proof of service by the Special

Process Server was filed. The Defendant has neither answered the complaint nor otherwise

defended the action and the time for the defendant to answer the complaint expired on July

15, 2008.

WHEREFORE, Plaintiff respectfully requests that the Clerk issue a Certificate of

Default against the Defendant so that a default judgment may be entered by the Court at a

later date.

Dated: New York, New York
      August 19, 2008

MICHAEL A. LONDON

Sworn to before me this 1 9 day of August, 2008.

NOTARY PUBLIC

JOHN K. COYLE
Notary Public, State of New York
No. 01CO5046090
Qualified in Queens County
Commission Expires July 3, 2011

# EXHIBIT
# F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHELE CALLAGHAN,

                                Case No. 08-CV-3523 *(SHS)*

                  Plaintiffs,

    -against-

                                  **CLERK'S CERTIFICATE**

BRAD J. JACOBS, M.D.,

                  Defendant.
----------------------------------------------------------------X

        I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on April 11, 2008 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant by serving BRAD J. JACOBS, M.D. by personal delivery, and proof of such service thereof was filed on August 18, 2008.

        I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York
      August _19_, 2008

                                **J. MICHAEL MCMAHON**
                                  Clerk of the Court

                By: _____
                             Deputy Clerk

# EXHIBIT
# G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHELE CALLAGHAN,

                            Plaintiffs,

      -against-

BRAD J. JACOBS, M.D.,

                            Defendant.

------------------------------------------------------------------X

**Case No. 08-CV-3523**

**PROPOSED FORM OF**
**DEFAULT JUDGMENT**

    This action having been commenced on April 11, 2008 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendant, BRAD J. JACOBS, M.D., on June 25, 2008 and a proof of service having been filed thereafter, and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

    ORDERED, ADJUDGED AND DECREED:  That judgment is entered in favor of the Plaintiff and against the Defendant for the relief demanded in Plaintiff's complaint.

Dated: New York, New York
       August 19, 2008

                                    _____
                                    Hon. Sidney H. Stein
                                    United States District Judge